IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[101] NASAIN ORTIZ NIEVES,<br>Defendant. | CRIMINAL NO. 17-622 (FAB) |

**UNITED STATES OF AMERICA'S RESPONSE TO MOTION TO AMEND JUDGMENT PURSUANT TO RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

**TO THE HONORABLE COURT:**

**COMES NOW,** the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

1. On November 22, 2019 Defendant, [101] Nasain Ortiz Nieves, plead guilty to Count One and Count Two of the Indictment. Count One charges violations of Title 21, United States Code, Sections 841, 846 and 860. Count Two charges violation to Title 18, United States Code, Section 924(c). (Docket Entry 2259)

2. As to Count One, pursuant to the plea agreement entered by the parties, Defendant had the right to recommend to the Court sentence of 18 months of imprisonment and the United States had the right to recommend a sentence of imprisonment up to 24 months. As to Count Two, the parties agreed to recommend a sentence of 60 months, statutory minimum for the offense charged. Additionally,

Page 1

pursuant to the plea agreement Defendant reserved his right to recommend to the Court a downward departure pursuant to section 5K2.23 of the United States Sentencing Guidelines (USSG). (Docket Entry 2262) The request for departure made by Defendant was on the grounds of the time of incarceration served by Defendant in criminal case number 14-764 (FAB), a prior federal gun case, stipulated by the parties as relevant conduct of the instant offense. Being a discharged term of imprisonment, the application of USSG section 5K2.23 was justified.

3. In light of the above, the United States did not object to Defendant's request. Nonetheless, and as stated during the sentencing hearing held on July 15, 2020, the departure requested by Defendant under USSG section 5K2.23 cannot result in a sentence below the statutory minimums that apply as to Count One and Count Two of the Indictment.

4. In this case, pursuant to Title 21, United States Code, Section 860, there is a statutory minimum of at least one (1) year and as to Title 18, United States Code, Section 924(c) there is a statutory minimum of at least 60 months. USSG section 5K2.23 cannot authorize a departure from a mandatory minimum sentence. See United States v. Cruz, 595 F.3d 744 (7th Cir. 2010), explaining that U.S.S.G. § 5K2.23 generally does not authorize a below-minimum sentence because "a statutory minimum blocks a downward departure that carries the sentence below the minimum," *id.* at 746. And the U.S. Court of Appeals for the Second Circuit addressed

the issue in <u>United States v. Lucas</u>, 745 F.3d 626 (2d Cir. 2014), where it stated that "[a] district court must impose a mandated minimum unless a more specific statutory provision allows the court to impose a lower sentence," *id.* at 629-30.

5. The procedural background as to Defendant's cases is as follow: Mr. Ortiz Nieves was arrested for the first time on December 18, 2014, in criminal case 14-764 (FAB). This, for violation of Title 18, <u>United States Code</u>, Section 922(g)(3). After his conviction, Defendant was sentenced to serve a term of imprisonment of 37 months. After serving a term of imprisonment of approximately 34 months, in or about October 2017 Defendant was released from custody. On January 18, 2020 he was arrested again in criminal case 17-622 (FAB). (Docket Entry 59) As of July 15, 2020, Defendant had served approximately 30 months in pre-trial detention in criminal case 17-622 (FAB).

6. During the sentencing hearing, the United States pursuant to the stipulated recommendation in the plea agreement, requested a sentence of 24 months for Count One of the Indictment and a sentence of 60 months for Count Two. Defendant requested a sentence of 18 months as to Count One and 60 months as to Count Two. However, Defendant also requested to the Court a downward departure of 32 months, as to both Counts. Arguing that Defendant had served that time of imprisonment in criminal case 14-764 (FAB), which was stipulated by the parties as relevant conduct as to the instant offense.

7. The United States did not oppose the request for the departure, but did oppose to the full application of the 32 months. This, on the grounds that the Court could not reduce or depart Defendant's sentence below the statutory minimums described above. At that point, the Court agreed with the government and expressed its intention of sentencing the Defendant to 24 months for Count One and 60 months for Count Two. However, considering Defendant's request for departure, and under its ample discretion, the Court sentenced the Defendant to time served as to Count One of the Indictment and 60 months as to Count Two.

8. Now, we have to consider the sentence calculation that will be made by the Designation and Sentencing Calculation Office of the Bureau of Prisons ("BOP"). Defendant is correct in stating that a sentence of time served as to Count One of the Indictment is the equivalent to a sentence of 30 months as to Count One. This, because those 30 months are the time the Defendant has served during pre-trial detention until the date of sentencing in the case, July 15, 2020. However, since there is a consecutive term of imprisonment of 60 months as to Count Two, for the purposes of the BOP, the term of imprisonment for Count Two would start to be served once he has finished serving the term of imprisonment imposed for Count One, that is July 15, 2020.

9. In light of the above, the United States respectfully submits that if the Court's intention is that the Defendant's sentence should include a departure pursuant to USSG section 5K2.23 which would result in the application of the maximum credit

possible without going below the applicable statutory minimums, the Court may enter the sentence and judgment as follows:

> As to Count One, the Court sentences the Defendant to 12 months of imprisonment and 60 months of imprisonment as to Count Two, to be served consecutively to each other.

10. If, in its ample discretion, the Court sentences the Defendant as previously described, the Court would be granting in part Defendant's request for departure pursuant to USSG section 5k2.23, but would not be entering a sentence below the statutory minimums applicable as to Count One and Two of the Indictment, as opposed by the United States.

**WHEREFORE**, the United States respectfully request that this Honorable Court to take notice of the above and GRANT in part, and DENY in part Defendant's Motion under Rule 35 of Federal Rule of Criminal Procedure.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22 day of July, 2020.

    W. STEPHEN MULDROW
    United States Attorney

    */S/ Alberto R. Lopez Rocafort*
    Alberto R. Lopez-Rocafort
    Assistant United States Attorney
    USDC #220613
    United States Attorney's Office
    Chardón Tower, Suite 1201
    350 Carlos Chardón Street

San Juan, Puerto Rico 00918
Tel. (787) 766-5656

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Alberto López-Rocafort*
Alberto R. López-Rocafort
Assistant United States Attorney